**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20059
(Summary Calendar)

_____

In The Matter Of: GINO A. BARONE,

Debtor,

GINO A. BARONE,

Appellant,

versus

THU HOA DO; THOMAS WONG;
MING THAI DO; ANH WONG,

Appellees.

_____

Appeal from United States District Court
for the Southern District of Texas
(MC H-95-412)

_____

August 23, 1996
Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Barone appeals from the district court's order adopting the bankruptcy court's

recommendation that it abstain from hearing this adversary proceeding. Finding no abuse of

discretion, we AFFIRM.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

FACTS

The subject matter of this adversary proceeding is the ownership of leases pertaining to two video stores. Barone asserts that he owns the leases at issue. The defendants assert that, to the contrary, the stores are in fact owned by a corporation of which one of the defendants is the sole shareholder. Barone brought suit on the matter as an adversary proceeding in the course of his Title 11 reorganization. He also filed motions for a TRO and Preliminary Injunction against the defendants.

The bankruptcy court heard Barone's motions, and noted that the parties had indicated they were making progress toward agreement. At a subsequent status conference, the bankruptcy court *sua sponte* gave notice that it was going to abstain from hearing the adversary complaint. It then issued an order to that effect, stating that it had concluded it should abstain from hearing this adversary proceeding "pursuant to 11 U.S.C. §305." When Barone filed a motion to withdraw reference, the bankruptcy court restyled its order as a report and recommendation to the district court, stating that it had determined *sua sponte* to abstain "in order that the parties resolve their dispute in state court." The district court adopted the bankruptcy court's abstention "in favor of the state court proceeding that addresses the issues in this adversary," and Barone appeals.

DISCUSSION

Statutory language provides three bases for abstention. First, where the interests or creditors and the debtor would be better served by dismissal or suspension, a bankruptcy court may dismiss a case after notice and a hearing. 11 U.S.C. §305. Additionally, a district court shall abstain from hearing a proceeding based upon a State law claim if an action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction. 28 U.S.C. §1334(c)(2). Finally, a district

2

court, in the interest of justice, or in the interest of comity with State courts or respect for State law, may abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11. 28 U.S.C. §1334(c)(1).

Although the bankruptcy court originally cited §305, it later indicated that it recommended that the parties resolve this issue in state court. Thus, the bankruptcy court's recommendation tracks the discretionary language of §1334(c)(1). Moreover, no state court action was pending at the time the order of abstention was entered that would indicate that the bankruptcy court regarded this as a mandatory abstention pursuant to 28 U.S.C. §1334(c)(2). The district court's adoption stated that it was abstaining "in favor of the state court proceeding" rather than a state court proceeding. The mere fact that the district court used the definite article "the" rather than the indefinite "a" in affirming the bankruptcy court's recommendation does not necessarily indicate that it had found the abstention to be a §1334(c)(2) mandatory abstention rather than a §1334(c)(1) permissive abstention.

A district court's decision to abstain from hearing state law claims is reviewed for abuse of discretion.[1] *In the Matter of Delta Towers, LTD.*, 924 F.2d 74, 79 (5th Cir. 1991); *In the Matter of Howe*, 913 F.2d 1138, 1143 n.6 (5th Cir. 1990). A bankruptcy court's report and recommendation of abstention may be guided by a number of factors. *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 428 (S.D. Tex., 1987). A starting point for a bankruptcy court's consideration may be whether abstention over a particular proceeding will impede or disrupt the bankruptcy court's "exclusive and

---

[1]Had the underlying Title 11 case been filed after the enactment of the 1994 amendment, this Court's jurisdiction clearly would have been barred under 28 U.S.C. §1334(d) which now provides that any decision to abstain or not to abstain made under §1334© is not reviewable by the court of appeals. 28 U.S.C. §1334(d). However, the corresponding note to 1 U.S.C. §101 provides that this provision is inapplicable with respect to cases commenced prior to its enactment. As the underlying Title 11 case (as opposed to this adversary proceeding) was filed in 1990, new §1334(d) does not apply in this instance.

non-delegable control over the administration of the estate within its possession." *In re Republic*, 81 B.R. at 428 (citing *Thompson v. Magnolia Petroleum Co.*, 309 U.S. at 483).

The subject matter of this adversary proceeding is the ownership of leases pertaining to some of Barone's video store locations. Barone alleges that those leases have been assigned to him by his aunt, while the defendants allege that only one defendant, Thu Hoa Do, owns stock in the corporation that holds the leases. While this matter may be related to Barone's Title 11 reorganization, and while it may delay that reorganization because no state court lawsuit has yet been filed, Barone implicitly admits that the ownership issue is one of state law and he does not assert that he is barred from bringing suit in state court. In fact, he admits that he could adjudicate these claims in a state court forum, though it might take a substantial amount of time. Barone has not shown that the bankruptcy court did not consider these issues in making its recommendation. Thus, Barone has made no showing that the district court abused its discretion in affirming the bankruptcy court's recommendation. AFFIRMED.